## STATE *versus* SOLOMON ELDER.

An indictment for being a "common seller of intoxicating liquors," or one for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, by one holding a license to sell such liquors under the internal revenue laws of the United States, cannot be removed into the Circuit Court of the United States, for trial, under U. S. stat. of 1833, c. 57, § 3.

Nor is either of such indictments within the U. S. stat. of 1864, c. 173, § 50.

INDICTMENTS, one charging the defendant with being a "common seller of intoxicating liquors," &c., and the other with keeping and maintaining a nuisance by reason of the illegal keeping and sale of intoxicating liquor, &c.

The defendant was brought in upon a capias, when he pleaded not guilty. Thereupon writs of *habeas corpus cum causa*, issued by the Circuit Court of the United States for the district of Maine, addressed to the United States marshal for the district, under the Act of Congress of 1833, c. 57, § 3, alleging that the defendant had presented his petition to that Court, setting forth that these indictments had been commenced against him in this Court, for and on account of acts done by him under the revenue laws of the United States, and by color thereof, and for and on account of acts done by him under authority of said laws; that the

same had not been tried, and the same were commenced against him by capias, served on him within the district, and representing that he was duly authorized and licensed by those laws to keep, sell and retail the liquors named in those indictments, in manner and form as he was charged in the indictment, &c., were served upon the clerk of this Court, then in session. The sheriff having the custody of the defendant, refused, on demand by the marshal, having such writs, to deliver the defendant into the custody of the marshal. Subsequently, a motion was made, *pro forma*, by the prosecuting attorney, to proceed to the trial of the defendant on these indictments, which motion was resisted upon the ground that they had been removed to the Circuit Court, and this Court could not lawfully exercise any further jurisdiction in the premises.

The foregoing facts were reported for such adjudication as the law required.

*Howard & Cleaves*, for the defendant.

1. The defendant in this case seeks relief under the laws of Congress, and it is sufficient for the State Court, that the defence involves the construction and effect of a law of Congress.

2. The statutes of the United States, c. 57, § 3, of U. S. statutes of 1833, provide for the removal of such cases to the United States Circuit Court. Brightley's Dig., 128, 129.

3. The law under which the removal was made is valid.

4. It has been literally adhered to in the steps taken to accomplish the removal, and all proceedings in the State Court, after the service of the writ of *habeas corpus cum causa* upon the " clerk of the State Court," and while the case was pending in the United States Circuit Court, were null and void, according to the express terms of the statute under which the removal was made. Brightley's Digest, p. 129, § 20 ; Act of March 2, 1833, § 3 ; 4 Statute, 633.

*J. A. Peters, Att'y Gen'l, contra.*

State *v.* Elder.

APPLETON, C. J.—It was decided by the Supreme Court of the United States, in *McGuire* v. *Commonwealth*, 3 Wallace, 387, that a license granted by the United States, under the internal revenue Act of July 1, 1862, to carry on the business of a wholesale liquor dealer in a particular State named, does not, though it may have been granted in consideration of a fee paid, give the licensee power to carry on business in violation of the laws of a State forbidding such business to be carried on within its limits.

The defendant was indicted for being a common seller of intoxicating liquors, contrary to the form of the statute of this State. The offence is against the laws of this State, and is to be tried by its tribunals. The Courts of the United States have no jurisdiction and cannot properly try the offence. The case is not within U. S. stat., 1833, c. 57, § 3, for this is not a civil suit, nor a prosecution for any penalty accruing under the Acts of the United States. Nor is it within the Act of Congress of 1864, c. 173, § 50, for the defendant was not indicted for any act done " under the laws for the collection of internal duties, stamp duties, licenses or taxes, which have been or may hereafter be enacted ;" nor " for or on account of any right, authority or title set up or claimed by him under any such law," but for a violation of the law of this State, for which his license affords no justification. *Com.* v. *Keenan*, 11 Allen, 262.

The case is properly before this Court. The Acts under which it is claimed to remove this cause to the Circuit Court of the United States do not apply. The indictment, for aught that has been disclosed, must proceed to trial. The grounds of this conclusion are fully set forth in the able opinion of Mr. Justice GRAY, in *Com.* v. *Casey*, 12 Allen, 214, in which we fully concur.

*The indictment to proceed to trial.*

KENT, WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.