## DAVIS *v.* SOUTH CAROLINA.

1. Section 643 of the Revised Statutes, which provides for removing to the Circuit Court suits or criminal prosecutions commenced in a State court against "any officer appointed under or acting by authority of any revenue law, or any person acting under or by authority of such officer," applies to marshals of the United States, their deputies and assistants, when engaged in enforcing a revenue law of the United States.

2. Where such a prosecution is duly removed, the jurisdiction of the Circuit Court completely vests, and the subsequent action of the State court, forfeiting the recognizance of the defendant for his non-appearance there, is *coram non judice* and void.

ERROR to the Supreme Court of the State of South Carolina.

The case is stated in the opinion of the court.

*The Solicitor-General* for the plaintiffs in error.
*The Attorney-General of South Carolina, contra.*

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Lemuel Davis was indicted for the murder of one Hall in the Court of General Sessions for the County of Spartanburg, in South Carolina, in July, 1876; and, being in custody, it was ordered by the court that he be enlarged on giving bail for his appearance at the next term of the court, it being required that the bond should contain a condition that it should be forfeited in case the prisoner should be ordered beyond the limits of the State by the proper authority of the army of the United States. He entered into a recognizance accordingly, the other plaintiffs in error being his sureties.

The prisoner thereafter presented to the Circuit Court of the United States for the District of South Carolina a petition, which is set out in the record, as follows: —

"UNITED STATES OF AMERICA,
    "*District of South Carolina, Fourth Circuit:*
"To the Judges of the Circuit Court —

"The petition of Lemuel J. Davis, corporal of Company K, 18th U. S. Infantry, shows:

"That some time in February, 1876, he was detailed to serve as one of a guard of United States soldiers to aid Deputy Marshal James Jarrett in making the arrest of one Brandy Hall under a

warrant issued by a U. S. commissioner, for violation of internal revenue laws as a distiller.

"That said guard of U. S. soldiers consisted of two men under the command of First Lieutenant W. A. Miller, 18th U. S. Infantry. That said guard, under command of said Lieutenant Miller, proceeded with Deputy Marshal James Jarrett to the house of said Brandy Hall, for the purpose of arresting him. That for the purpose of making the arrest, the house of said Hall was surrounded. This petitioner was stationed at the back door of the house for the purpose of guarding the same, and preventing the escape of said Hall. That the deputy marshal, Jarrett, went to the front of the house for the purpose of effecting an entrance, and arresting said Hall. That at the time he did so, and while your petitioner was guarding the back door, said Hall made his escape through a hole in the side of the house near where petitioner was standing, sprang past him, frightening his horse, and accidentally discharging his piece.

"That by the discharge of his said piece the said Hall was shot and mortally wounded, and subsequently died of said wound. Your petitioner shows that at the time of said accident he was in the discharge of his duty, and that said shooting of said Hall was purely accidental, and your petitioner is in no way responsible therefor. Your petitioner shows that he has been arrested and bound over for trial in the Circuit Court of the State of South Carolina for Spartanburg County for the murder of said Hall.

"That an indictment by the grand jury of that county for murder was found at the August term of said court against your petitioner, and your petitioner was put upon his trial thereon. That the jury before whom he was tried found your petitioner guilty of manslaughter. That the court thereupon set aside said verdict and granted a new trial. Your petitioner shows that he is illegally and unlawfully held for trial under the order of said court, and prays your honors to grant a writ to remove said cause for trial in the Circuit Courts of the United States for the District of South Carolina, now being held at Columbia in said State.

"(Signed)     LEMUEL J. DAVIS."

"Personally appears before me, Corporal Lemuel J. Davis, who, being duly sworn, deposes and says the above petition is true of his own knowledge.          LEMUEL J. DAVIS."

"Sworn and subscribed before me the second day of December, A. D. 1876.

[SEAL OF COURT.]          "J. E. HAGOOD,
"*C. C. C. U. S. Dist. of S. C.*"

"UNITED STATES OF AMERICA,

　　"*District of South Carolina, Fourth Circuit :*

"EX-PARTE, LEMUEL J. DAVIS, ⎱ Petition for *habeas corpus.*
　　"18th U. S. Infantry.　　⎰

"I certify that I represented the petitioner upon his trial at Spartanburg; that I have examined the proceedings against him, and have carefully inquired into all the matters set forth in the petition of the said Davis, and believe them to be true.

　　　　　　　　　　　　　　　"WM. E. EARLE."

On the hearing of this petition, Dec. 4, 1876, it was ordered by the court that a writ of *habeas corpus cum causa* do issue, to be served according to law on the clerk of the Circuit Court for Spartanburg County, and that the marshal do take said Corporal Lemuel J. Davis into his custody, to be dealt with according to law.

On March 12, 1877, an order was made by the circuit judge for the county of Spartanburg in the Court of General Sessions, reciting that the said Lemuel J. Davis had failed to answer when called according to his recognizance, and directing process against him and his sureties to appear and show cause why judgment should not be confirmed against them and their recognizance adjudged to be forfeited.

The plaintiffs in error accordingly appeared and answered the rule, alleging the removal of the cause into the Circuit Court of the United States by the proceedings recited, by reason whereof the said Lemuel Davis was not bound to appear for trial in the Court of General Sessions for the County of Spartanburg, and that consequently there had been no breach of the condition of the recognizance.

Upon this return to the rule to show cause judgment was rendered against the plaintiffs in error, which, on appeal to the Supreme Court of the State, was affirmed. To reverse that judgment the present writ of error is prosecuted.

The learned Attorney-General of South Carolina, who appears here on the part of the State, very properly waives all questions arising in this case which are covered by the decision in *Tennessee* v. *Davis*, 100 U. S. 257.

He seeks to distinguish the present case, however, from that,

upon its circumstances, and claims that Davis was not entitled, by virtue of the capacity in which he was acting, to the benefit of sect. 643, Rev. Stat., and to that end maintains the proposition that, as that section applies only to an "officer appointed under or acting by authority of any revenue law of the United States, or any person acting under or by authority of such officer," it cannot be extended to embrace the case of United States marshals or their deputies or assistants, even when they are engaged in the service of process issued for the arrest of parties accused of violation of the revenue laws of the United States.

In our opinion the distinction cannot be maintained. A marshal or deputy marshal of the United States is, it is true, not an officer appointed under a revenue law; but when engaged officially in lawful attempts to enforce a revenue law, by the arrest of persons accused of offences against it, he is an officer acting under the authority of that law; for it is that law under which is issued the process, which constitutes his authority for his official action. There is, indeed, the general law, prescribing the nature of his duties, which requires him faithfully to execute all lawful process placed in his hands for that purpose; but when process, issued under a particular law, is lawfully issued to him for service, in executing it, he is acting under the authority of that law, without which the process would not be valid. It is that law which he would be compelled to rely on as his justification if he was sued as a trespasser for executing the process issued for its enforcement. And the protection which the law thus furnishes to the marshal and his deputy, also shields all who lawfully assist him in the performance of his official duty. It is not questioned that Davis was acting in that capacity. It is true, he was a non-commissioned officer in the army, detailed as a guard in aid of the marshal, and acting as one of his *posse comitatus;* but this was before such service became unlawful by the passage of the fifteenth section of the act of June 18, 1878, c. 263. Sup. Rev. Stat. 361.

The prosecution against Davis was removed into the Circuit Court in strict compliance with the statute. His petition set out the necessary facts showing that the homicide which was

charged against him as a crime took place while he was in discharge of his official duty ; it was verified, and certified as required by law. The writ of *habeas corpus cum causa*, which was issued upon it, was the writ prescribed by the act of Congress in cases of that description, a duplicate of which it requires shall be delivered to the clerk of the State court ; and thereupon the statute declares that it shall be the duty of the State court to stay all further proceedings in the cause, and the prosecution, upon delivery of such process, shall be held to be removed to the Circuit Court, and any further proceedings, trial, or judgment therein in the State court shall be void.

When, by virtue of the writ of *habeas corpus*, the prisoner was taken into the custody of the marshal, the jurisdiction of the Circuit Court of the United States of his person and of the indictment against him was completely vested, and that of the State courts ceased altogether. The recognizance was an incident, and followed the principal case. The obligation to appear was transferred with the cause, and he was no longer bound to answer in the court of original jurisdiction. · It would have been unlawful for his bail to have surrendered him to that tribunal. They were consequently discharged from the obligation of the recognizance, so far as it required them to do so, or to answer for the default. There was, consequently, no breach of the bail bond in not appearing in the State court, and all proceedings to forfeit it and render judgment upon it against the sureties were *coram non judice* and void. The right to proceed upon it at all against him or them passed from the State court with the transfer of its jurisdiction over the person of the prisoner and the indictment against him.

The judgment of the Supreme Court of South Carolina will be accordingly reversed, and the cause remanded with instructions to enter a judgment reversing the judgment of the Circuit Court for the county of Spartanburg, and directing that court to dismiss the proceeding upon the recognizance for want of jurisdiction ; and it is

*So ordered.*