### Application of SHUMPKA.

(District Court, N. D. New York. November 29, 1920.)

Removal of causes ⬤⟹22—Person indicted for violating state liquor tax law not entitled to remove case to federal court.

A person indicted for violating a state Liquor Tax Law, by selling a liquid which the federal Prohibition Commissioner had approved, is not entitled to have the case removed to the federal court, under Rev. St. § 643 (Comp. St. § 1015), providing that prosecutions commenced in a state court against revenue officers, or persons holding property under title derived from such officers, etc., may be removed.

Anthony Shumpka was indicted in a state court for violating the state Liquor Tax Law, and applies for removal of the proceedings to the United States District Court. Application denied.

Edwin J. Mizen, of Oswego, N. Y. (Charles N. Bulger, of Oswego, N. Y., of counsel), for petitioner.

Francis D. Culkin, Dist. Atty., of Oswego, N. Y., for the People of New York.

COOPER, District Judge. Anthony Shumpka was indicted in the county of Oswego, in the state of New York, in the Northern district of New York, by a grand jury of the Supreme Court of the state, for violation of the Liquor Tax Law of the state of New York (Consol. Laws, c. 34), under indictment claiming that he sold brandy, whisky, and gin. The matter was remanded to County Court of Oswego County for trial.

The defendant claims that he is entitled to have the case tried in the District Court of the United States, pursuant to the provisions of section 643 of the Revised Statutes (section 795, Barnes' Code; section 1015, Comp. Stat.). The defendant by his attorney, and the district attorney of Oswego county, come before the United States District Court of the Northern District of New York by consent for determination of the question whether or not the case is one properly triable in the federal court under the section referred to.

The defendant bases his claim on the ground that the liquid which he sold, and for which sale he is indicted, is a medical preparation known as "Bozak's Horko Vino," and that he was authorized to sell the same by virtue of a writing which the defendant claims is a per-

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

init, within the terms of the Volstead Act (41 Stat. 305), which is in the form of a letter from the federal Prohibition Commissioner to the manufacturer of the Horko Vino, and which reads as follows:

"Treasury Department, Bureau of Internal Revenue, Washington.

"Office of Federal Prohibition Commissioner, Pro-Tech-Div.

"JMD.                                              February 28, 1920.

"Bozak Manufacturing Company, Scranton, Penna.—Sirs: Inquiry has been made through your attorney, Mr. B. C. Keith, as to the status of your preparation known as Bozak's Horko Vino under the National Prohibition Act.

"An examination of the formula submitted at this time shows that a preparation made in strict conformity therewith would be properly classed as a medicine. No liability under the National Prohibition Act would be incurred by the sale thereof in good faith as a medicine.

"Approval of the formula is given, with the understanding that the finished product will contain the therapeutic properties such as would be imparted thereto by the agents named in the amounts indicated.

"Respectfully

"cmc                                  John F. Kramer, Prohibition Commissioner."

The determination of the question depends upon the interpretation of the scope and intent of section 643 of the Revised Statutes. This section was originally enacted for the protection of federal officers who are engaged in the enforcement of the federal internal revenue laws and persons assisting such officers in the enforcement of such laws. The act was passed in consequence of an attempt by one of the states to make penal the collection by United States officers within such state of duties under the revenue law. Tennessee v. Davis, 100 U. S. 257, 25 L. Ed. 648. The scope of this section has since been enlarged, by preventing suits in the state courts, not only against those enforcing the revenue laws, but also officers of either house of Congress in the discharge of their official duties in executing any order of such house, and against any officer of the courts of the United States while engaged in any official act. The purpose of this act is, then, to remove from state courts to the federal courts civil actions or criminal prosecutions against any of these three sets of officers in the performance of their official duties, and against persons assisting the officers in the performance of official acts under the revenue laws. This section was interpreted in Johnson v. Wells Fargo & Co. (C C.) 98 Fed. 3, 8. The court said:

"The purpose of the statute is to protect the revenue officers of the government in the line of their official duties, and those who are employed to act under them in the performance of such duties; but, further than providing this necessary protection to the administration of its revenues, the federal government has no interest in the business affairs of the people incidentally brought within the range of the tariff system. The statute must be interpreted with reference to its manifest spirit and general purpose, and a word or phrase should not be extended beyond its proper relation to give jurisdiction where jurisdiction does not appear to have been intended. Moreover, where the question of jurisdiction is doubtful, the rule now is to resolve that doubt against the jurisdiction of the federal courts."

See, also, Findley v. Satterfield, Fed. Cas. No. 4,792.

Although a marshal or deputy marshal is not an officer appointed under a revenue law, yet, when engaged officially in attempts to enforce

the revenue law, he is an officer under that law, and entitled to the protection of section 643, and so are persons acting with him for the enforcement of the revenue law. So held in Davis v. South Carolina, 107 U. S. 597, 2 Sup. Ct. 636, 27 L. Ed. 574.

It may be doubted whether the position of the defendant under his claim of right by virtue of the statement of the federal commissioner issued to the manufacturer of the Horko Vino sold by defendant is any stronger than that of one holding the license of the United States under internal revenue laws authorizing him to keep and sell liquors before the passage of the eighteenth amendment. This was held by the state court of Maine not to be a case removable to the United States court under the section aforesaid. State v. Elder, 54 Me. 381–383, citing Commonwealth v. Keenan, 11 Allen (Mass.) 262.

It is clear, therefore, that the instrument issued by the Prohibition Commissioner under date of February 28, 1920, to the manufacturer of this Horko Vino, relating to the sale of Horko Vino "in good faith as a medicine," does not bring the case within the provisions of section 643 of Revised Statutes of the United States, entitling the defendant to a trial of the indictment in the federal court.