## WYNN v. BAKER et al.

District Court, M. D. Alabama, N. D., at Montgomery. November 2, 1927.

Removal of causes ⊙⇒22—Action for assault and battery committed by state enforcement officer as member of posse of federal prohibition agent held removable (Jud. Code, § 33 [28 USCA § 76]).

Defendant, who, though a state law enforcement officer, was called by a federal prohibition agent as a member of a posse to raid a still, and while so acting under command of the prohibition agent shot and wounded plaintiff, *held* entitled to remove an action against him for damages for the injury from a state to the federal court, under Judicial Code, § 33 (28 USCA § 76).

At Law. Action by Wilbur Wynn against O. F. Baker and the Union Indemnity Company. On motion by plaintiff to remand to state court. Denied.

T. E. Martin and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, Ala., for plaintiff.

Weil, Stakely & Cater and S. H. Dent, all of Montgomery, Ala., for defendants.

CLAYTON, District Judge. This cause was removed to this court under section 33 of the Judicial Code (28 USCA § 76), and it now comes on for hearing upon the motion of the plaintiff to remand the cause to the state court.

The material facts are without any substantial dispute. I find them to be that Gillespie was a federal prohibition officer; that as such on September 1, 1924, W. K. McAdory, chief law enforcement officer of the state of Alabama, informed him that there was a still for the manufacture of whisky at the described place in Lowndes county, Alabama, and requested that as federal prohibition officer, he (Gillespie) take charge of this matter of the violation of the law; that Gillespie did so; that prior to the raid Gillespie visited the place and located the still; that he himself selected the petitioner, Baker, one of the defendants here, and several others, as a posse to assist him in making the raid on the still; that he, Gillespie, the prohibition officer, and his posse, one of which was the defendant Baker, as stated, went on the night before the raid and secreted themselves near the place where the still was, spent the night there, and raided the still about daylight the next morning, when Wynn and the others were there; that, while Baker was at the time a state law enforcement officer, he aided and was commanded by the federal prohibition officer, who directed and conducted exclusively the raid and the apprehension of Wynn and others who had to do with the operation of the illicit distillery; and it was reiterated that Gillespie gave all the directions and commands to the posse acting under him, including Baker.

It was further shown that upon the direction of Gillespie, the federal prohibition agent, the posse suddenly surprised and tried to arrest Wynn and others who were at the illicit distillery, which was in operation, and, in the language of the witnesses, Baker "flushed" the guilty parties at the still, and when they did not submit to arrest, but fled, he fired the shot which struck Wynn. The posse or raiding party took their positions around the still, and acted in making the raid entirely under the instructions and directions of Gillespie, the federal prohibition officer. After said raid was made, Wynn, the plaintiff, and others were indicted in the United States District Court at Montgomery for the violation of the National Prohibition Act (27 USCA). It is further shown that McAdory, the chief state law enforcement officer, was not present when Wynn and others were apprehended, and took no part whatever in the raid on the still, and was not present when Wynn and others were seen in the act of violating the law.

Wynn, the plaintiff, testified that he was shot by Baker; that plaintiff was prosecuted in the state court on account of the operation of the still, and was subsequently indicted and tried in the federal court for the same

offense; that he did not remember whether he brought a suit in the state court for damages prior to the proceedings taken in the federal court or not; and that after he was shot he was brought to Montgomery by McClung, who was one of the state law enforcement officers, and put in the hospital.

I have therefore ascertained from the evidence in the case that the still was used in the manufacture of moonshine whisky, and that the raid upon the same was made by the federal prohibition officer and his posse, and that the plaintiff, Wynn, was shot while fleeing from arrest, and when and where the matter of the enforcement of the National Prohibition Act was under the exclusive control and direction of the federal prohibition agent, Gillespie.

The mere fact that Baker, one of the posse accompanying the federal officer and acting under his direction, happened to be at the time a state law enforcement officer, is not material, for he was in fact at the time acting as a member of the posse under the federal officer in the enforcement of the National Prohibition Act. I have not found any authority which prevents a federal officer from summoning for posse duty one who happens to be a state officer. Such state officer does not thereby become a federal officer.

Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449, the federal prohibition officers or agents and their chauffeur were indicted in the state court. They petitioned for a removal under section 33 of the Judicial Code. It was held that upon a proper petition they were entitled to have the case removed for trial into the federal court, although it was said that the petition in that particular case was not sufficiently specific. In the case here the petition meets all the requirements of good pleading as suggested by the opinion in the Soper Case. There the defendant Trabing was acting as chauffeur and helper of the four officers, under their orders. The opinion states: "It is not denied on behalf of the state that he has the same right to the benefit of section 33 as they"—the federal officers—citing Davis v. S. C., 107 U. S. 597, 2 S. Ct. 636, 27 L. Ed. 574. In the Davis Case the petition is set out in full, and shows that the petitioner was detailed to serve as one of a guard to aid a deputy marshal to make an arrest for the violation of the internal revenue law. The court held that he was entitled to the protection of the statute authorizing the removal, and that the fact that he was a noncommissioned officer in the army detailed as a guard in aid of the marshal, and acting as one of a

posse comitatus was immaterial. There the opinion of the court states that "the protection which the law thus furnishes to the marshal and his deputy also shields all who lawfully assist him in the performance of his official duty."

It being shown that Baker was of the posse of the federal prohibition officer or agent, and that this is a suit begun in the state court against him to recover for damages on account of an alleged assault and battery while in the discharge of his duty, the case, therefore, was properly removed to this court, and, accordingly, order will be entered denying the motion of Wynn, the plaintiff, to remand.