## UNITED STATES v. LEWIS.
### Cr. No. 2551.

District Court, Alaska.
Third Division, Anchorage.
Sept. 26, 1953.

Arthur D. Talbot, Anchorage, Alaska, Asst. U. S. Atty., for plaintiff.

Cuddy, Cuddy & Dunn, Anchorage, Alaska, for Zula Swanson, surety.

FOLTA, District Judge.

The United States has moved for an order of forfeiture of two appearance bonds in the aggregate sum of $20,000, and judgment thereon. The surety's opposition is based on the contention that neither the United States Commissioner nor the District Court has authority to declare a forfeiture because the United States Commissioner had lost jurisdiction with the return of the indictment.

The parties agree that the identical situation has apparently not been dealt with by the courts, so far as reported decisions reveal.

The defendant-principal was arrested April 7, 1951. Two appearance bonds were given which are in substantial conformity with Form 17 of the Appendix to the Federal Rules of Criminal Pro-

cedure, 18 U.S.C.A. The defendant did not demand a preliminary hearing and became a fugitive. The indictment, charging him with several violations of the narcotics laws, was returned August 29, 1951. Two days later the surety was called on by the Commissioner to produce the principal for a "preliminary hearing". Obviously, the principal could not then have been produced irrespective of the purpose for which his appearance demanded.

The whole episode reeks of a conspiracy to evade justice and defeat liability, which apparently had its inception in the belief that upon indictment the Commissioner would lose jurisdiction—the very contention now urged upon the Court.

By obtaining the release of his principal from actual custody the surety substituted herself for the jailer and became obligated to have the principal available to the same extent as if he had remained in jail. The bonds unconditionally require the appearance of the principal before the Commissioner upon his order or direction. Now the surety challenges the right of the Commissioner to order the principal to appear after the indictment was returned in the District Court.

As I view the law the fact that the order for the production of the principal specified a purpose is immaterial. When an order to produce the principal is made, manifestly the surety cannot go behind it and require the magistrate to disclose his purpose. That part of the order of the Commissioner, therefore, specifying the purpose in the instant case is mere surplusage and must be disregarded. If the position of the surety is sound then in every case in which a bond is given for the appearance of the defendant before the Commissioner, the surety would be released upon the return of an indictment. The mere statement of this proposition is a demonstration of its unsoundness. Cf. Sampson v. Harris, 147 Ga. 426, 94 S.E. 558; Davis v. South Carolina, 107 U.S. 597, 601, 2 S.Ct. 636, 27 L.Ed. 574. I am also of the opinion that the surety is estopped from

availing herself of such a defense. La-Grotta v. U. S., 8 Cir., 77 F.2d 673, 677–678, 103 A.L.R. 527, certiorari denied Quigley v. U. S., 296 U.S. 629, 56 S.Ct. 152, 80 L.Ed. 447; Ewing v. U. S., 6 Cir., 240 F. 241, 252.

I conclude that the Commissioner was authorized to order the principal to appear after indictment, without stating the purpose therefor. Cf. U. S. v. Graner, C.C., 155 F. 679; Kirk v. U. S., C.C., 131 F. 331, affirmed, 2 Cir., 137 F. 755, certiorari denied 199 U.S. 607, 26 S.Ct. 749, 50 L.Ed. 331, and that the motion of the United States for an order of forfeiture and judgment should be granted.