**Margaret BELL et al., Plaintiffs,**

v.

**William GRAY, District Director of Internal Revenue et al., Defendants.**

**No. 901.**

United States District Court
E. D. Kentucky,
Covington Division.

Feb. 9, 1960.

---

Goodman & Goodman, Cincinnati, Ohio, for plaintiffs.

Henry J. Cook, U. S. Atty., Jean L. Auxier, Lexington, Ky., Asst. U. S. Atty., for defendants.

SWINFORD, District Judge.

The statement of plaintiffs' counsel in his brief that this is a court of general jurisdiction should be corrected. Every federal court is a court of limited, not of general, jurisdiction. All presumptions are against the jurisdiction of such a court, so that the facts disclosing the jurisdiction must affirmatively appear upon the record. Turner v. Bank of North America, 1799, 4 Dall. 8, 1 L. Ed. 718; McNally v. Jackson, D.C., 7 F.2d 373; Swanson v. United States, 9 Cir., 224 F.2d 795, 15 Alaska 608.

The motion to dismiss the complaint should be sustained.

The complaint fails to allege that the claims for refund were filed within the statutory period. This is a jurisdictional fact and since it does not appear anywhere in the record the claim is barred. 26 U.S.C.A. § 322(b) (1). Periods of limitation are established to cut off rights, justifiable or not, that might otherwise be asserted and such periods of limitation must be strictly adhered to by the courts. Kavanagh v. Noble, 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150.

The statutes fixing these limitations are not statutes of limitations in the usual sense of the word, but are conditions under which the United States has consented to be sued and are therefore substantive jurisdictional requirements which the United States need not plead as a defense, but which must be alleged and proven by the taxpayer. United States v. Chicago Golf Club, 7 Cir., 84 F.2d 914, 106 A.L.R. 209; Gross v. United States, D.C., 130 F.Supp. 441; Sullivan v. United States, D.C., 113 F. Supp. 749.

26 U.S.C.A. (I.R.C.1954) § 7421 (a) has been long construed to withdraw from the courts the power to enjoin or restrain the collection of taxes where the challenge is to the validity or ap-

**330**

plicability of the tax. United States Mutual Benefit Association v. Welch, 6 Cir., 268 F.2d 201.

■ It also appears from the complaint that the government has filed liens to protect the collection of the taxes. That fact makes the United States of America an indispensable party on the claim for equitable relief. Rosner v. McGinnes, D.C., 167 F.Supp. 44; Sidbury v. Gill, D.C., 102 F.Supp. 483.

An order dismissing the complaint at the cost of the plaintiffs is this day entered.