UNITED STATES of America

v.

**William Bayless BUSSEY.**

**Crim. No. M2–170.**

United States District Court,
M. D. Louisiana.

June 23, 1978.

Donald L. Beckner, U. S. Atty., George D. Hardy, Asst. U. S. Atty., Middle District of Louisiana, Baton Rouge, La., for the United States of America.

Paula A. Perrone, Allison & Perrone, New Orleans, La., Harvey C. Koch, Beard, Blue, Schmitt, Mathes, Koch & Williams, New Orleans, La., for Capitol Indemnity Corp.

E. GORDON WEST, District Judge:

On March 25, 1977, a judgment was entered in this case ordering Capitol Indemnity Corporation (sometimes referred to in the record, and also in quotes in this opinion as Capital Indemnity Company), to forfeit a $15,000 appearance bond which it had allegedly posted with the Clerk of this Court on behalf of the defendant, William Bayless Bussey.

Capitol now moves the Court to vacate that Judgment of Forfeiture. Capitol argues that (1) when the bond was executed by Mr. Hess Curry, Jr., he was not acting for Capitol pursuant to a valid power of attorney, but instead executed the bond in his own individual capacity, and (2) Capitol was never properly served with the "Motion to Test the Surety" and has never been properly brought before this Court. It contends that it had no legal notice of these proceedings until after the Judgment of Forfeiture had been entered.

For reasons hereinafter stated, the Court concludes that the judgment of forfeiture directed against Capitol Indemnity Corporation should be and will be rescinded and set aside.

## FINDINGS OF FACT

### 1.

On April 23, 1973, the defendant, William Bayless Bussey, was arrested and charged with illegal possession of an unregistered firearm. Upon his appearance before the United States Magistrate on that day, his bond was set at $15,000.

### 2.

On April 25, 1973, an appearance bond in the amount of $15,000 was executed and filed on behalf of William Bayless Bussey. This bond named the surety as "Hess Curry, Jr.," and gave his address as P.O. Box 950, Alexandria, Louisiana. The bond was signed and acknowledged by the United States Magistrate, and no where in the bond is there any mention of any kind of Capitol Indemnity Corporation. Even though there was a Capitol Indemnity Corporation Power of Attorney form filed with the bond, Curry did not execute the bond as "Agent," but instead signed it in his individual name only.

### 3.

The Capitol Indemnity Corporation Power of Attorney is a printed form which originally had blank spaces to be filled in. Under "Power Amount" is typed the figures "$25,000.00." The form then proceeds to proclaim that Capitol constitutes and appoints _____, its true and lawful attorney-in-fact, etc. In that blank is written, in ink, the name "Hess Curry, Jr.," The handwriting appears to be that of Mr. Curry when compared with his signature on the bond. The Power of Attorney then proceeds to say that the attorney-in-fact may execute, "in its name, place and stead," as surety, "a bail bond only * * * on behalf of _____." This blank was filled in by writing therein the name "William Bussey." The document then says that it is "To be given to _____" and in that blank is written, in ink, "Middle District U.S. Court."

### 4.

The Power of Attorney form states that it was signed by its corporate president on

January 30, 1973, and then in large red letters across the face of the document are the words: "THIS POWER VOID IF NOT USED BY _____." The blank is filled in in large black letters and figures saying "APR. 1–1973."

5.

While there is nothing in this Power of Attorney to show what date it was actually used, we must conclude from the record as a whole that it was used after the voiding date April 1, 1973, because it was filed in connection with a bond dated April 25, 1973, and William Bayless Bussey, the person on whose behalf the bond was issued, was not arrested until April 23, 1973, or twenty-two days after the Power of Attorney had expired. The crime for which Mr. Bussey was arrested was not even allegedly committed until April 20, 1973.

6.

It therefore naturally follows that Mr. Hess Curry, Jr., attempted to use this Power of Attorney to bind Capitol Indemnity Corporation after it had, on its face, expired, and without any evidence of consent by Capitol Indemnity Corporation. There is nothing in the record to indicate that Capitol at any time acquiesced in, approved, or even had knowledge of the use by Mr. Curry of this expired Power of Attorney until after the Court had ordered a forfeiture of the bond.

7.

In view of the obvious expiration date appearing in bold letters across the face of the Power of Attorney, it cannot even be argued that Mr. Curry had "apparent authority" to act, in this case, as agent for Capitol Indemnity Corporation.

8.

After being bonded out, the whereabouts of William Bayless Bussey apparently became unknown. According to the record, nothing else transpired until December 16, 1976, on which date the Government filed a "Motion to Test Surety."

9.

At the Government's request, an order issued out of this Court on December 17, 1976 ordering William Bayless Bussey to appear before the Court on January 7, 1977, and further ordering "that Capital Indemnity Company through its agent Hess Curry of Alexandria, Louisiana, produce the said William Bayless Bussey—or suffer penalty of forfeiture to the United States of the bond posted by Capital Indemnity Company insuring Bussey's appearance." This order was served, on December 21, 1976, on Dennis Whalen, Esq., who was shown in the record as attorney for William Bussey. The United States Marshal's Office was unable to locate Mr. Bussey and hence no service was ever made on him. Personal service was made on Hess Curry, Jr. at the office of Curry Bonding Company in Alexandria, Louisiana, on December 21, 1976. No service was ever made on Capitol Indemnity Corporation except through Hess Curry, Jr., whom the Government contends was Capitol's agent.

10.

On October 16, 1972, a Power of Attorney appointing Gustave F. Treme, of New Orleans, Louisiana, as agent of Capitol Indemnity Corporation for service of process was filed with the Clerk of this Court. On the same day, Stephen J. Gennuso was appointed agent of Capitol Indemnity Corporation for service of process in the Western District of Louisiana. No other agents for service of process in Louisiana were ever appointed by Capitol Indemnity Corporation, and particularly, Hess Curry, Jr. was never made an agent of Capitol Indemnity Corporation for service of process.

11.

On January 7, 1977, a hearing was held on the Government's "Motion to Test Surety." At this open court hearing, the Government was represented by an Assistant United States Attorney, and an appearance was made by Dennis Whalen, Esq., who appeared on behalf of the absent William Bayless Bussey, and who informed the Court that the whereabouts of Mr. Bussey

were unknown. Also testifying at this hearing was Mr. Hess Curry, Jr., who continued to represent himself as an agent of Capitol Indemnity Corporation.

12.

At the conclusion of the hearing, the Court granted the Government's motion for a preliminary default and gave Capitol Indemnity Corporation thirty days in which to produce Mr. Bussey. This order was issued under the mistaken belief that Mr. Curry was, in fact, a duly authorized agent of Capitol Indemnity Corporation.

13.

On March 25, 1977, pursuant to the Government's motion, and in view of the fact that Capitol had failed to produce Mr. Bussey, the Court ordered forfeiture of the $15,000 bond allegedly posted by Capitol on Bussey's behalf.

14.

On March 30, 1977, the United States Attorney for the Middle District of Louisiana directed a letter to Mr. Stephen Gennuso, Capitol's agent for service of process in the Western District of Louisiana, advising him of the Judgment of Forfeiture and demanding that Capitol immediately make payment on the $15,000 bond. This was the first communication evident in this record concerning this entire matter that was had directly with a duly appointed agent of Capitol Indemnity Corporation.

15.

Upon receipt of this letter, Mr. Gennuso directed a letter to Mr. Curry in which he called his attention to the fact that he, Curry, had used an expired Power of Attorney; that the issuance of the bond in question had never been reported to Capitol Indemnity Corporation; that Capitol Indemnity Corporation had never received any premium for the issuance of this bond; and that according to an affidavit signed by Curry on July 5, 1973, he, Curry, had reported that the specific Power of Attorney form here involved had been stolen. Gennuso denied all liability on behalf of Capitol and advised Curry to settle the matter personally, on an individual basis, directly with the United States Attorney.

16.

On April 29, 1977, Hess Curry, Jr., on his own volition, and without authority from Capitol, retained the law firm of Allison and Perrone, of New Orleans, Louisiana, to file a motion to vacate the Judgment of Forfeiture in the name of Capitol Indemnity Corporation. This was done, and the Court, being of the opinion that both Curry and his retained attorneys were representing Capitol Indemnity Corporation, denied the motion of May 23, 1977.

17.

After the denial of the motion to vacate, the Government began proceedings to execute on the judgment by having it recorded, on June 1, 1977, in Madison, Wisconsin, where Capitol maintained its home office. Capitol had still never been served with any process in these proceedings.

18.

When the recordation of the judgment came to the attention of Capitol by way of a telephone call on September 6, 1977, from the United States Department of Justice in Washington, D. C., Capitol immediately retained Harvey C. Koch, Esq., of the law firm of Beard, Blue, Schmitt, Mathes, Koch, and Williams, of New Orleans, Louisiana, to represent it in attempt to stay execution on the judgment and to have the judgment against Capitol vacated. Mr. Koch, on February 13, 1978, filed, on behalf of Capitol Indemnity Corporation, the motion to vacate the Judgment of Forfeiture which is presently before this Court. As evidenced by the sworn affidavit of George A. Fait, President of Capitol Indemnity Corporation, this is the first authorized appearance for Capitol that has been made before this Court.

19.

The Court now finds, as a matter of fact, that Hess Curry, Jr., did not have any current authority, either real or apparent, to bind Capitol Indemnity Corporation on the bond which he executed on behalf of William Bayless Bussey on April 25, 1973, and that, without passing upon the validity vel non of the bond in question, whatever ef-

fect that bond might have is binding, if at all, only on William B. Bussey as Principal and Hess Curry, Jr., individually, as Surety, and not upon Capitol Indemnity Corporation.

20.

The Court further finds, as a matter of fact, that Capitol Indemnity Corporation was never served with process of any kind in this suit, and has therefore never been properly brought before the Court.

## CONCLUSIONS OF LAW

1.

■ There is apparently a split of authority on the question of whether state law or federal law governs the interpretation and effect of federal bail bonds. The Fifth Circuit Court of Appeals in *United States v. Miller,* 539 F.2d 445 (1976) apparently concluded that federal common law should govern, while several other circuits have held to the contrary. See *U. S. v. D'Anna,* 487 F.2d 899 (CA 6–1973); *U. S. v. Jackson,* 465 F.2d 964 (CA 10–1972); *U. S. v. Gonware,* 415 F.2d 82 (CA 9–1969); *Palermo v. U. S.,* 61 F.2d 138 (CA 8–1932). But regardless of whether state or federal law governs, it is well settled that under both Louisiana law and federal law, bail bonds must be strictly construed in accordance with their terms, and all substantial procedural requirements must be complied with before they can be ordered forfeited. See Louisiana Civil Code Article 3010; *Dudley v. U. S.,* 242 F.2d 656 (CA 5–1957). Furthermore, bail bonds must generally be construed in favor of the surety. *U. S. v. Eisner,* 329 F.2d 410 (CA 6–1964); *Swanson v. U. S.,* 224 F.2d 795 (CA 9–1955).

2.

■ Even though there seems to be a split of authority as to whether state or federal law governs federal bail bonds, we can find no authority which holds that federal law governs the interpretation or effect of a power of attorney which purports to authorize a person to sign a bail bond on behalf of another. We conclude that the issuance and use of a power of attorney authorizing a person to sign, on behalf of another, a bail bond is governed entirely by state law.

3.

In connection with the obligations of a person acting under a power of attorney, Article 3010 of the Civil Code of Louisiana provides:

"The attorney cannot go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, unless ratified by the latter, and the attorney is alone bound by it in his individual capacity."

Article 3028 states that:

"Except in the case of irrevocable powers of attorney, * * * the principal may revoke his power of attorney, whenever he thinks it proper, and, if necessary, compel the agent to deliver up the written instrument containing it, if it be an act under private signature."

■ In the present case, as a matter of law, the power of attorney, on its face, was revoked by Capitol Indemnity Corporation on April 1, 1973, or approximately 24 days before it was used by Mr. Curry. Thus, when Mr. Curry signed the bail bond on April 25, 1978, he signed it, as a matter of law, in his individual capacity and not as Attorney in Fact for Capitol Indemnity Corporation.

4.

Based upon the findings of fact in this case, the Court now concludes, as a matter of law, that this Court's judgment of March 25, 1977, wherein it ordered the forfeiture of "the appearance bond posted by Capital Indemnity Company to insure the appearance of defendant, William Bayless Bussey" was improvidently issued and should be recalled, rescinded and set aside.

5.

The Court further finds, as a matter of law, that Capitol Indemnity Corporation has no legal obligation of any kind arising out of the appearance bond filed on behalf of William Bayless Bussey, and signed on April 25, 1973 by William B. Bussey, as Defendant, and Hess Curry, Jr., as Surety.

Judgment will be entered accordingly.