JOHNSON BEASLEY *et al. v.* THE STATE.

(*Nashville.*  December Term, 1915.)

1. **BAIL.** Criminal prosecutions. Construction. "Final termination of the case."

A bond conditioned that the principal appear at the trial court at a fixed day to answer the charge of murder, and not depart therefrom without leave, and appear from term to term until the final termination of the case, binds the sureties for defendant's appearance only until the final sentence in the trial court; the final termination of the case being its final termination in that court, and not its termination on appeal or after remand. (*Post, pp.* 663, 664.)

Cases cited and approved:  Suggs v. State, 129 Tenn., 498; Phillips v. State, 100 Ark., 515.

2. **BAIL.** Criminal prosecutions. Extension by court.

While the trial court may defer final sentence on a principal who has been convicted of a felony, and thereby permit him to remain at liberty on his bond for appearance at the trial court while he is securing bail for appeal, it cannot pass final sentence on him, and then without consent of his sureties permit him to stand on his trial court bond for his appearance in the supreme court. (*Post, pp.* 664, 665.)

---

FROM MACON

---

Appeal from the Criminal Court of Macon County.— J. M. GARDENHIRE, Judge.

J. T. BASKERVILLE, for appellants.

W. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE FANCHER delivered the opinion of the Court.

Brink Parker and his two brothers, Arch Parker and Monk Parker, were jointly indicted in the criminal court of Macon county on a charge of murder in the first degree. They executed appearance bonds with Johnson Beasley and others as their sureties in the penal sum of $2,000, in each of three bonds, to answer said charge. Each of these bonds provided that, if the defendant named therein made his appearance at said court at Lafayette on the third Monday in November, 1910, to answer the State of Tennessee on a charge of murder in the first degree, and did not depart without leave of said court, and appeared from term to term until the final termination of the case, then the bond was to be void.

There were three trials, the first being set aside by the trial judge, the second being a mistrial, and the third and final trial at the July term, 1912, resulting in a verdict of conviction of each of said Parkers for murder in the second degree, with a sentence of fifteen years in the penitentiary. After motions for a new trial and arrest of judgment had been overruled final judgment was pronounced and they each appealed to the next term of the supreme court at Nashville.

The order granting the appeal recited:

"And defendants are permitted to stand on their present bonds for their personal appearance before said supreme court."

When the case was called in the supreme court, neither of the convicted parties appeared. Thereupon the attorney-general for the State moved for a forfeiture, or, in the event this was not granted, that the appeals be dismissed, and the case remanded to the criminal court of Macon county for execution of the judgment against them. The motion for forfeiture was overruled, but the latter alternative motion was granted.

Arch Parker was afterward captured, through the efforts of the bondsmen, in the Dominion of Canada, and placed in the penitentiary, where he is serving his sentence. Monk Parker died. Upon the remand the trial court entered a forfeiture on the bond of Brink Parker.

The bondsmen filed a petition showing they were not present either when final sentence was passed or when the order was made permitting said Parkers to stand upon their original bonds for their appearance before the supreme court, nor did they consent to such order, nor did they have any knowledge of such order until motion in the supreme court for forfeiture was made by the attorney-general.

The bondsmen in this application also insisted that the trial judge had no authority without their consent or knowledge to make an order binding on them to stand upon the bond for the appearance of the Parkers after their conviction and sentence and upon their ap-

peal to the supreme court, and for that reason judgment should be set aside. The statements in the petition are not denied. The trial court refused to set aside the judgment on the forfeiture as to the bond of Brink Parker, and judgment was made final.

From the action of the court in disallowing the petition to be relieved the bondsmen appealed to this court. They have also brought the forfeiture judgment up by writs of error and *supersedeas*. They have assigned errors upon both records.

We are of opinion that the learned trial judge committed error in making the order that the defendants should stand upon their bonds made for their appearance in the trial court to secure their appearance also before the supreme court. The bond was only for the appearance before the criminal court from term to term until final termination of the case, and not to depart without leave of the court. The bond was not to secure the appearance of the defendants before the supreme court.

In the case of *Suggs* v. *State,* 129 Tenn. (2 Thompson), 498, 167 S. W., 122, this court held that upon a conviction and final sentence the principal is, by operation of law, in the custody of the court or sheriff, and the surety is no longer liable on the bond.

The obligation of the sureties did not contemplate the appearance of the accused after a conviction and upon an appeal. The hazard would be different and probably greater after conviction. The court did violence to the contract in extending the bond beyond its

terms without the consent of the sureties. The conclusion here reached is expressly held in *Phillips* v. *State,* 100 Ark., 515, 140 S. W., 734.

In case of an exigency requiring it the entry of final judgment may be deferred, after verdict or determination of the case by the court, during which time a defendant may be permitted to stand on his appearance bond. This is sometimes necessary in order to furnish bail on appeal. This court has heretofore kept final judgment in abeyance until an application to the Governor for pardon or commutation could be made in a meritorious case. But when final judgment of conviction and sentence is entered, as held in *Suggs* v. *State,* this puts an end to the bail bond before the trial court. It follows necessarily that without consent of the sureties the obligation cannot be extended to cover an appearance on appeal.

The trial court held that the bond was binding on the sureties for defendants' appearance before that court "from term to term until final termination of the cause," and that said defendant "departed the court without leave." The final termination contemplated was not a final termination in the supreme court or upon a remand to the trial court. It was not the purpose of the bond to secure the appearance before the trial court from term to term pending the appeal; for it was a felony case, and might never be remanded to that court. The final termination the sureties must have had in mind was a final judgment in the trial court, such as that an appeal might be had from it.

Beasley v. State.

When that final judgment was entered, it was contemplated that the appearance of the accused would then be required at the supreme court. That this was the understanding of the court is evidenced by the fact that the order was made undertaking to extend the terms of the bond for the appearance before the supreme court. The defendant did not "depart the court without leave;" for it was the duty of the court and its officers to have the defendant taken into custody upon entry of the final judgment until he should secure his appearance before the court to which appeal had been taken.

Reversed and dismissed.