PEOPLE *v.* BROW.

1. BAIL—DISCHARGED ON IMPOSITION OF SENTENCE.

    Obligation of sureties on bail bond of accused required them to have him in court until his case was finally determined by imposition of sentence, but it terminated when sentence was imposed.

2. SAME—COURT WITHOUT AUTHORITY TO CONTINUE BOND AFTER SENTENCE IMPOSED.

    Court has no authority to continue in force bail bond of accused beyond imposition of sentence without consent of sureties.

---

Pronouncement of judgment or sentence in, criminal case as affecting liability of sureties on bail bond, see annotation in 20 A. L. R. 629.

3. SAME—ORDER CONTINUING BOND AFTER SENTENCE IMPOSED NOT BINDING ON SURETIES WITHOUT THEIR CONSENT.

Sureties on bail bond of accused, who were not in court when bond was ordered continued after imposition of sentence, and who did not consent thereto, were not bound by order of continuance.

Error to Leelanau; Gilbert (Parm C.), J. Submitted October 16, 1930. (Docket No. 148, Calendar No. 34,646.) Decided January 7, 1931.

Assumpsit by the People of the State of Michigan against Noe Brow and another on a recognizance. Directed verdict and judgment for plaintiff. Defendants bring error. Reversed, and judgment ordered entered for defendants.

*Wilber M. Brucker,* Attorney General, and *C. J. Cole,* Prosecuting Attorney for the people.

*John W. Patchin,* for defendants.

McDONALD, J. Nelson St. John was arrested on a charge of having unlawfully in his possession a quantity of intoxicating liquor. He was held to the circuit court of Leelanau county on bond in the penal sum of $1,500 with defendants as sureties. There he appeared, answered the information with a plea of not guilty, was tried, and convicted. On May 24, 1928, he was sentenced to imprisonment in the State prison at Jackson, the sentence to begin the 1st day of July, 1928. At the same time it was ordered that his bond continue in full force and effect. He was allowed his liberty until the 1st day of July to accommodate him in arranging his business affairs, with the understanding that he would report to the sheriff at that time for execution of his sentence. He failed to report, and departed the ju-

risdiction. His bond was duly estreated and this suit begun against the sureties.

On the trial the defendants moved for a directed verdict in their favor for several reasons, the principal one of which was that their obligations on the bond were satisfied when sentence was imposed. The court held to a different view, and directed a verdict for the plaintiff. The defendants have brought error.

The condition of the bond was that Nelson St. John should be at the courthouse when required and to—

"then and there answer to an information to be filed against him for the offense above mentioned, and to do and receive what shall by the court be then and there enjoined upon him and shall not depart the court without leave."

The defendants' obligations under the conditions of this bond required them to have their principal in court until his case was finally determined. It was terminated when sentence was imposed. The court had no authority to continue the bond in force beyond that time without the consent of the sureties. They were not present when sentence was imposed, and did not consent. Therefore they were not bound by the order of continuance. In *Ex Parte Williams,* 114 Ala. 29 (22 South. 446), it was said:

"The principle of the law is, that when bail is given and accepted, the custody of the prisoner is transferred from the officer of the law, to that of his sureties. * * * Whenever a party is convicted and sentenced, he is no longer in the custody of his bail, but is in the custody of the proper officer of the law, and the bail are thereby discharged by the operation of law without a formal order to that effect. The condition of the bond then will have been

fully complied with. The mere appearance of the defendant at court for trial, or his presence during trial, or a mistrial, will not operate to discharge the bail. The obligation of a proper bail bond binds the sureties, at least, until after the verdict of the jury; but when the sentence of the law is pronounced, the officer of the law is charged with its due execution. The bail have no further control over the custody of their principal, and cannot be longer held responsible.''

To the same effect is *Ford* v. *State,* 100 Ark. 515 (140 S. W. 734); *Beasley* v. *State,* 134 Tenn. 660 (185 S. W. 687); *Roberts* v. *Gordon, Governor,* 86 Ga. 386 (12 S. E. 648); Stearns on Suretyship (3d Ed.), p. 400.

We have found no Michigan decision wherein this question has been considered, but the principle enunciated in the cases above cited seems to be in accord with reason and justice, and is supported by the best authority.

The judgment is reversed, with costs to the defendants, and the case remanded for entry of judgment in their favor.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.