BRANDIMORE *v.* EATON RAPIDS JUSTICE OF THE PEACE

1. Bail—Bond—Liability of Surety—Terms of Agreement.
    A surety's liability on a bail bond is strictly limited by the terms of the bond agreement.

2. Same—Bond—Liability of Surety—Terms of Agreement—Duration of Liability.
    Terms of bail bond agreement by which surety guaranteed that an accused person would appear before a justice of the peace and "do and receive that which shall then and there be enjoined upon him," *held* to include the possibility that the accused would be bound over to circuit court for appointment of counsel; therefore continuance of the bond by the justice of the peace to assure the appearance of the accused in circuit court was proper, and the bond remained in force, even though the bondsman did not know of the continuance.

3. Same—Bond—Liability of Surety—Duration of Liability.
    Continuation by circuit judge of defendant's bail bond when the case is remanded to justice court for preliminary examination after defense counsel is appointed, *held* within his discretion, where the bond was originally posted to insure defendant's appearance for preliminary examination.

4. Same—Bond—Liability of Surety—Release From Liability.
    A surety on a bail bond who desires to be released from his burden of insuring the appearance of his principal may arrest the accused and deliver him into custody; therefore it was not improper to continue the bond of the accused while his case was bound over to circuit court for appointment of counsel and then remanded to justice court for preliminary examination

References for Points in Headnotes
[1] 8 Am Jur 2d, Bail and Recognizance § 96.
[2, 3, 5] 8 Am Jur 2d, Bail and Recognizance § 99 *et seq.*
[4] 8 Am Jur 2d, Bail and Recognizance § 129.

when the surety knew the date of the examination, since the surety's failure to arrest the accused or object in any other way to continuation of the bond can be regarded as acquiescence in the continued role of surety (CL 1948, § 765.26).

5. SAME—BOND—LIABILITY OF SURETY—CONTINUANCE OF BOND—CONSENT OF SURETY.

The judge with jurisdiction of a matter may continue a bail bond until final disposition of the case, the consent of the surety to continuance not being necessary until after final disposition.

Appeal from Eaton, Robinson (Richard), J. Submitted Division 2 November 7, 1968, at Lansing. (Docket No. 4,616.) Decided January 31, 1969. Leave to appeal denied June 20, 1969. See 382 Mich 764.

Complaint by John Brandimore against Lynn F. Baldwin, Eaton Rapids justice of the peace, for an order of superintending control requiring defendant to rescind an order forfeiting a bail bond on which plaintiff was surety. Order denied. Plaintiff appeals. Affirmed.

*Wilcox & Robison (Alphonso A. Magnotta,* of counsel), for plaintiff.

*Willard L. Mikesell,* Prosecuting Attorney, for defendant.

McGREGOR, P. J. Plaintiff, a bail bondsman, posted $2,500 to insure the appearance of a criminal suspect before defendant, a justice of the peace. The bail agreement included the following:

"Now, if the said Robert E. Baker, shall personally be and appear before me, the said justice of the peace, at my office in the city of Eaton Rapids on

the 12th day of June, 1965, at ten o'clock in the forenoon of said day or any adjourned date for said examination, *and shall do and receive that which shall be then and there enjoined upon him* by me, the said justice of the peace, and shall not depart without leave, then this recognizance shall become void, otherwise to be and remain in full force." (Emphasis supplied.)

The suspect appeared for examination without counsel on an adjourned date and waived examination. Defendant bound the suspect over to circuit court for appointment of counsel and continued the surety bond, apparently without plaintiff's knowledge. The suspect appeared in circuit court, and the record states "through his own means procured the services of an attorney," who demanded examination in justice court. The circuit judge remanded the matter to defendant's court and continued the bond. Defendant sent notice of the examination date to plaintiff. The suspect failed to appear before defendant, who consequently ordered the bail forfeited. Later, defendant denied plaintiff's motion to set aside the forfeiture order. Plaintiff filed a complaint for superintending control in circuit court, but the circuit judge denied the writ. Subsequently, this Court granted plaintiff's application for a delayed appeal.

The issue to be resolved is whether plaintiff's liability on the surety agreement extended to the preliminary examination date, set after the circuit court's remand order, at which the accused failed to appear.

Plaintiff focuses his argument on the bail continuance by defendant, when he bound the accused over to circuit court for appointment of counsel. Plaintiff contends that the terms of the surety agreement did not encompass a continuance of bail to

cover the transfer to circuit court, that the accused complied with the order of defendant to appear in circuit court, and therefore, the terms of the bond were fulfilled. A surety's liability is strictly limited by the terms of the bond agreement. 8 Am Jur 2d, Bail and Recognizance, § 96, p 838. Plaintiff claims that the bond agreement was void after its conditions were met, primarily the suspect's initial appearance, and consequently, defendant could not unilaterally extend the agreement's terms and conditions without plaintiff's consent. *People* v. *Brow* (1931), 253 Mich 140.

On page 9 of his brief, plaintiff states:

"It is common practice * * * to issue a new bond after a defendant is bound over to circuit court *conditioned on arraignment,* trial, pre-sentence, investigation, and sentencing." (Emphasis supplied.)

On page 10, plaintiff rephrases the same point, as follows:

"At present, *after a preliminary examination,* in most examining magistrate's courts, a new bond is furnished conditioned on defendant's appearance for arraignment * * *." (Emphasis supplied.)

In summary, plaintiff argues that the bond covered only the initial appearance for examination. Neither the defendant nor the circuit court could extend the terms of the agreement without plaintiff's consent. Therefore, the ultimate forfeiture ordered by defendant was invalid, since he no longer had jurisdiction over the bond agreement, which was void after the accused's initial appearance.

Defendant contends that where the bond condition requires that the suspect shall appear, and "do and receive that which shall there be enjoined upon him" and not depart without leave, the surety is required

to have his principal in court until the case is finally
determined. He claims the agreement's words, "and
shall do and receive that which shall be then and
there enjoined upon him," is a continuing mandate
to produce the suspect until the matter is finally
disposed of. 8 Am Jur 2d, Bail and Recognizance,
§ 99, p 840. If a person waives his right to prelim-
inary examination without the assistance of counsel,
and makes a timely application before trial or a
guilty plea, the court having jurisdiction of the
cause may remand to the magistrate for a prelim-
inary examination. CLS 1961, § 767.42 (Stat Ann
1968 Cum Supp § 28.982). The bond agreement was
intended to insure the suspect's appearance for a
preliminary examination in justice court. The sus-
pect did not appear for the examination ordered
pursuant to the above statute. Therefore, the sure-
ty was not discharged by the transfer to circuit court
and back, since the condition of appearance for the
preliminary examination was never met. The bond
required the surety to have his principal appear
until the preliminary examination and outcome were
finally determined, *People* v. *Brow, supra,* and there-
fore, the bond was properly forfeited.

We are of the opinion that the bond agreement's
terms, specifically the language of "and shall do
and receive that which shall be then and there en-
joined upon him," included the possibility and, there-
fore, the actuality of defendant's binding the ac-
cused over to circuit court for counsel appointment.
Thus, the defendant's continuance of the bond to
insure the suspect's appearance in circuit court was
proper. Although plaintiff argues to the contrary,
our construction of the agreement is not a strained
interpretation, but rather reflects the logical import
of the contract's words and is within the strict lim-
its of the bonding terms. The agreement insured

that the suspect would obey the defendant's order that the suspect be bound over to circuit court, and therefore, the agreement continued in force to insure the suspect's appearance in circuit court.

We also agree that the bond continuance by the circuit judge on remand to insure the accused's requested preliminary examination in the justice court was valid. The bond was posted to insure an appearance for examination. The circuit judge who then had jurisdiction acted within his discretion in continuing that bond to cover a requested re-appearance for examination following the accused's original waiver without counsel. Although it was also within the circuit judge's discretion to order a new bond to be posted, his selection of one of two alternatives does not invalidate the bond agreement. The second continuation also was within the court's implied authority, according to the *Brow* case.

An additional factor militating against plaintiff's arguments is that plaintiff was notified of the examination date, at which the suspect failed to appear. According to CL 1948, § 765.26 (Stat Ann 1954 Rev § 28.913), a surety who desires to be released from his burden of insuring his principal's appearance may arrest the accused and deliver him into custody. Plaintiff knew of the examination and from his notification could inferentially conclude that the court expected him to continue to insure the suspect's appearance. Plaintiff did not notify the court of his desire to be released or his intent to arrest the accused, and he did not object to his position as surety. Therefore, plaintiff can be considered to have acquiesced in his continued role as surety for the suspect's appearance.

Final support for our decision is found in the most recent Michigan discussion of the extent of a bond agreement's coverage in the *Brow* case,

*supra,* cited by both parties. There, the court interpreted a bonding agreement of nearly the same language as the one involved in this case to insure appearance until final determination of the case. The bond included the following condition:

"Then and there answer to an information to be filed against him for the offense above mentioned, *and to do and receive what shall by the court be then and there enjoined upon him* and shall not depart the court without leave." (Emphasis supplied.)

The case involved successive appearances in a circuit court. Plaintiff argues that this aspect causes *Brow* to be factually distinguishable. We disagree. The decision held that the nearly identical bond agreement insured appearances until a final disposition of the matter, sentencing, but could not be construed to insure appearances after sentencing without the surety's consent. In the present case, final disposition was not approached. A preliminary examination, when appropriately demanded, was not commenced because of the accused's failure to appear. Under a broad interpretation of *Brow,* the bond agreement in this case covered a preliminary examination and the remainder of the proceedings until a final disposition.

*Brow* established the principle that the judge with jurisdiction of a matter may continue bond until final disposition. Each continuance involved herein was ordered by the judge with jurisdiction at the time of his ruling, and the continuances were within the court's discretion. Plaintiff's consent was unnecessary until after a final determination.

The bond agreement was in effect when the suspect failed to appear for his requested preliminary

examination date set on remand from the circuit. court and, therefore, defendant had jurisdiction to order the bond forfeited.

Affirmed. Costs to appellee.

QUINN and LETTS, JJ., concurred.