## STATE BANK OF SANDUSKY *v.* BODDY

1. EVIDENCE—ADMISSIBILITY—BUSINESS RECORDS—ACCOUNT BOOKS.
   Account books of plaintiff bank are admissible in evidence to establish that defendant did not pay consideration for all certificates of deposit in defendant's possession.

2. EVIDENCE—PAROL EVIDENCE—ADMISSIBILITY.
   Parol evidence is inadmissible to add to or vary the terms of a written instrument, but parol evidence is properly admitted where the testimony concerns whether certificates issued by plaintiff bank were replacements for certificates defendant reported lost and does not suggest any change in the terms of the certificates.

3. APPEAL AND ERROR—CREDIBILITY OF WITNESS—FACT QUESTION.
   The trier of facts is the sole judge of the credibility of witnesses; thus a judgment for plaintiff made by a trial judge sit-

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur 2d, Evidence § 1024.
[2] 30 Am Jur 2d, Evidence § 1016.
[3] 53 Am Jur, Trial § 181.

ting without a jury, after weighing the evidence and finding the facts, will not be reversed unless clearly erroneous (GCR 1963, 517.1).

Appeal from Sanilac, Arthur M. Bach, J. Submitted Division 2 March 6, 1969, at Lansing. (Docket No. 5,367.) Decided May 28, 1969.

Complaint by State Bank of Sandusky, a Michigan corporation (now known as Wolverine State Bank), against Mary Boddy for cancellation of two certificates of deposit issued by plaintiff bank. Judgment for plaintiff. Defendant appeals. Affirmed.

*Charles W. Rigney,* for plaintiff.

*Thomas R. McAllister,* for defendant.

BEFORE: J. H. Gillis, P. J., and Levin and Bronson, JJ.

Bronson, J.  Plaintiff bank issued the following certificates of deposit to defendant, Mrs. Boddy:

| Date | No. | Amount | Interest |
|------|-----|--------|----------|
| 7/18/60 | 977 and 978 | $ 5,000.00 each | 3% |
| 1/18/63 | 3671 and 3672 | $ 5,000.00 each | 4% |
| 5/1/63 | 3752 | $ 1,000.00 | 4% |
| 12/17/63 | 3558 | $ 5,000.00 | 4% |
| 2/17/64 | 4036 | $15,000.00 | 4% |
| 10/9/64 | 4233 and 4234 | $ 5,000.00 each | 4% |

Plaintiff commenced this action for cancellation of certificates No. 3671 and No. 3672, and for their surrender or declaratory judgment that they are void. From a judgment for plaintiff, defendant brings this appeal.

At the trial, plaintiff's evidence showed that certificates No. 977 and No. 978 were exchanged for

certificates No. 3671 and No. 3672 and that defendant reported having lost certificates No. 3671 and 3672 and that certificates No. 4233 and No. 4234 were thereupon issued as replacements. The defendant testified that certificates No. 977 and No. 978 were exchanged for certificates No. 4233 and No. 4234 and that she paid good and valuable consideration for certificates No. 3671 and No. 3672.

Defendant now has, among others in her possession, certificates numbered 3671, 3672, 4233 and 4234 and claims that she has paid a separate consideration for each of them and that they should all be honored. Defendant contends that the trial court erred in admitting into evidence the parol testimony of the witnesses and the books and records of the appellee bank; that no outside evidence was needed to prove the validity of the certificates, and that plaintiff failed to establish its case by a preponderance of the evidence.

The account books of plaintiff bank were admissible in evidence in accordance with the principles stated in *McCannon* v. *Tolfree* (1924), 227 Mich 15; *Mally* v. *Excelsior Wrapper Co.* (1914), 181 Mich 568; *Munroe, Boyce & Co.* v. *Ward* (1919), 207 Mich 369.

It is a general rule that parol evidence is inadmissible to add to or to vary the terms of a written instrument. *Sutherland* v. *Crane* (1845), Walk Ch (Mich) 523; *Brandt* v. *Vanderveen* (1921), 213 Mich 121. However, in the present action employee witnesses of plaintiff bank did not testify to any change in the terms of the certificates, but rather to whether the certificates were lost and replacements issued. Thus, the parol evidence rule does not apply. The certificates in question were all marked "non-negotiable" and the rights of third parties are not

involved. The parol evidence was properly admitted.

The trial judge, after listening to all of the witnesses and weighing the evidence, entered judgment for the plaintiff. The trier of facts is the sole judge of the credibility of witnesses. *Albu* v. *Sweeney* (1959), 355 Mich 385; *Obeginski* v. *James* (1966), 4 Mich App 90. He is able to take into account the demeanor of the witnesses. In this connection we note the sketchiness of defendant's recollection of the transactions. Findings of fact made by a trial judge sitting without a jury will not be reversed unless clearly erroneous. GCR 1963, 517.1. We find no clear error in the judge's finding in this case.

Judgment of the lower court is hereby affirmed.

All concurred.