TEXACO, INC., *v.* LUMSDEN

1. LANDLORD AND TENANT—LEASE—CONTRACTS—AMBIGUOUSNESS.
   Refusal of trial court sitting without a jury to find an oil company in default on a lease for failure to put up certain station identification signs was proper where it was not specified how many or what type of signs were to be installed and extrinsic evidence did not clarify what the parties orally agreed or intended.

2. TRIAL—NONJURY CASE QUESTIONS OF FACT—CREDIBILITY—INFERENCES.
   A trial judge in a nonjury action has the duty of evaluating the testimony of each witness, drawing permissible inferences, and determining the issues in the light of applicable legal principles.

3. APPEAL AND ERROR—NONJURY CASES—FINDINGS OF FACT.
   Findings of fact by a trial court in a nonjury case will not be reversed by the Court of Appeals unless clearly erroneous (GCR 1963, 517.1).

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 March 3, 1970, at Grand Rapids. (Docket No. 6,299.) Decided March 27, 1970.

Complaint by Texaco, Inc., against Cecil Lumsden and Mable A. Lumsden to recover money due for rental of equipment. Counterclaim by defendants for breach of lease. Judgment for plaintiff. Judgment of no cause of action on defendants' counterclaim. Defendants appeal. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur 2d, Landlord and Tenant § 142 *et seq.*
[2, 3] 5 Am Jur 2d, Appeal and Error § 839.

*Landman, Hathaway, Latimer, Clink & Robb* (*Charles H. Rawlings,* of counsel), for plaintiff.

*James W. Bussard,* for defendants.

Before: R. B. BURNS, P. J., and FITZGERALD and LEVIN, JJ.

PER CURIAM. Plaintiff instituted this action to recover $900 due for rental of equipment upon termination of a lease it had with defendant. A counterclaim was filed by defendant alleging damages of $11,900 as a business loss because plaintiff Texaco did not comply with the terms of the lease by failing to put up certain station identification signs. The lease was entered into in March of 1963 and terminated on October 25, 1967. In a nonjury case the court held plaintiff should recover the $900 and judgment was entered accordingly. The trial court in discussing the counterclaim held that it was unable to come to any conclusion as to what the lease agreement between the parties really meant and that the damages were too speculative to sustain a valid computation. A judgment of no cause of action was entered on the counterclaim. Defendants appeal.

This Court is requested to determine whether there was sufficient evidence to establish a lease contract requiring the erection of identification signs.

The misunderstanding between the parties to this lease arises from a promise made by plaintiff to defendant in a letter. Plaintiff promised to furnish "island lighting and necessary identification including signs."

This phrase evidently had a different meaning to each party. Plaintiff thought it referred to an

agreement calling for the installation of diesel fuel for trucks. Defendant contends the phrase means he is entitled to have a "high rise" sign advertising his filling station. The plain words do not specify how many or what type of signs are to be installed. Disputed extrinsic evidence does not clarify what the parties intended or orally agreed to.

The trial court found that it was unable to say with any certainty just what was agreed upon in the way of signs and for this reason refused to find plaintiff in default. The ambiguous phrase and the oral testimony in the record clearly indicate confusion and misunderstanding. The conclusion of the trial court is justified and in accord with the evidence presented.

In an action such as this, heard without a jury, it rests with the judge as trier of the facts to evaluate the testimony of each witness, to draw permissible inferences therefrom, and to decide the issues in the light of controlling principles. *Minkus* v. *Sarge* (1957), 348 Mich 415; *Scovill* v. *Ludwick* (1969), 20 Mich App 547. Findings of fact will not be reversed unless clearly erroneous. GCR 1963, 517.1; *Tann* v. *Allied Van Lines, Inc.* (1966), 5 Mich App 309; *State Bank of Sandusky* v. *Boddy* (1969), 17 Mich App 466. We find no clear error in the judge's finding in this case.

The above decision eliminates the question of damages from consideration.

Affirmed.