**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Calogero D'ANNA, Principal Defendant,**

**International Fidelity Insurance Co., Surety Defendant-Appellant.**

**No. 73–1410.**

United States Court of Appeals, Sixth Circuit.

Argued Oct. 4, 1973.

Decided Nov. 21, 1973.

Norman L. Zemke, Zemke & Lustig, Southfield, Mich., on brief, for appellant.

Gordon S. Gold, Detroit, Mich., for appellee; Ralph B. Guy, Jr., U. S. Atty., Michael D. Gladstone, Asst. U. S. Atty., Detroit, Mich., on brief.

Before PECK, MILLER and LIVELY, Circuit Judges.

PER CURIAM.

This case involves the interpretation of a bail bond contract. Appellant surety posted a $10,000 appearance bond with the District Court on behalf of a criminal suspect. The suspect pleaded guilty to a felony charge and was sentenced to one year in prison. Immediately after pronouncing sentence, the District Judge stated that "Bond may be cancelled." The principal defendant re-quested time to put his affairs in order. The Court granted a one week delay in the commencement of sentence, but noted that "there is a $10,000 bond which is not being cancelled by the Court this morning . . . ." The Judgment and Commitment Order, however, stated as follows: "It is adjudged that defendant's bond of $10,000 cash or surety be continued to Wednesday, October 25, 1972, at 9:00 A.M."

Defendant did not return for service of sentence and the government obtained a judgment against the appellant on the bond. Appellant moved to have the bond forfeiture set aside on the basis that the bond had been cancelled, and on the basis that surety's liability ended following the sentencing procedure. The District Court, in ruling on this motion, held that the bond had been continued and that the Court had correctly exercised its discretion in continuing the bond beyond sentencing. It was from this adverse ruling that appellant perfected the appeal herein.

Appellant raises the same points here it raised in the District Court. The question of whether the bond was cancelled or continued need not be considered, however, because this Court concludes that the District Court could not continue the bond without the consent of the surety.

A bail bond is a contract between the government and the principal and surety. United States v. Jackson, 465 F.2d 964 (10th Cir. 1972). A number of federal courts have held that a bond contract must be interpreted in light of the applicable law of the state in which it was made. United States v. Gonware, 415 F.2d 82 (9th Cir. 1969); Swanson v. United States, 224 F.2d 795, 15 Alaska 608 (9th Cir. 1955); Heine v. United States, 135 F.2d 914 (6th Cir. 1943); Palermo v. United States, 61 F.2d 138 (8th Cir. 1932). Bond in the present case was made in Michigan and, therefore, its terms must be interpreted in light of that state's law.

The bond in issue specified that defendant appear in District Court to "an-

swer to any indictment . . . and abide such order and determination as said Court may make . . . and . . . not depart said Court without leave thereof . . . ." The Supreme Court of Michigan dealt with a similar bond in People v. Brow, 253 Mich. 140, 234 N.W. 117 (1931). In that case the surety appealed from a forfeiture ordered when the defendant failed to appear for commencement of a sentence delayed for more than a month. The trial court had imposed sentence and then ordered bond continued until commencement of sentence. The bond in that case required the defendant to come to the courthouse to "answer to an information . . .' and to do and receive what shall by the court be then and there enjoined upon him and . . . not depart the court without leave." *Brow, supra*, 234 N.W. at 118. The Michigan Supreme Court, reasoning that the judgment of sentence constituted the final determination of a criminal case, held that the surety's liability terminated when sentence was imposed and that the trial court lacked the authority to continue bond without consent of the surety.

The proposition set forth in *Brow*, that sentencing is the final disposition of an insured's case which terminates the surety's legal obligations, was repeated with approval in Brandimore v. Eaton Rapids Justice of Peace, 15 Mich.App. 676, 167 N.W.2d 360 (1969).

The government cites no authority which would indicate that the *Brow* decision has been modified or overruled, although it does attempt to show that the language in the *Brow* bond was not the same as the language in the bond under consideration. We do not find the distinction urged by the government.

■ In interpreting a bond contract the language must be strictly construed in favor of the surety. United States v. Eisner, 329 F.2d 410 (6th Cir. 1964)

(interpreting a Michigan bond) ; Brandimore v. Eaton Rapids Justice of Peace, *supra*. Appellant asserts, along these lines, that continuing bond beyond sentencing would introduce increased risk factors' not contemplated by the parties when the contract was entered into. We find merit in this position. As was stated in Gonware v. United States, *supra*, 415 F.2d at 83, "Like any other contract, a bail bond should be construed to give effect to the reasonable intentions of the parties." Once sentence has been pronounced the principal's hopes for freedom by vindication are considerably reduced. For this reason the risk of flight is substantially increased, a risk clearly not contemplated at the time of the execution of the instant bond.

It is true, as the government points out, that this Court reached the opposite result in a similar case, Detroit Fidelity and Surety Co. v. United States, 36 F.2d 682 (6th Cir. 1930), but that case involved a bond made in Ohio. The opinion did not consider the question of whether Ohio law should have been applied to the interpretation of that Ohio contract. On the other hand, a line of cases extending from 1917 to 1969 holds that a bond must be construed in accord with applicable state law. United States v. Gonware, *supra*; Swanson v. United States, *supra;* Heine v. United States, *supra*; Western Surety Co. v. United States, *supra*; Heine v. United States, Palermo v. United States, *supra*; Ewing v. United States, 240 F. 241 (6th Cir. 1917).

■ Michigan law clearly holds that bond can not be extended beyond the sentencing procedure without consent of the surety, and therefore, the District Court was in error when it ordered bond continued.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.