KONDZER v WAYNE COUNTY SHERIFF

Docket No. 187901. Submitted September 4, 1996, at Detroit. Decided November 1, 1996, at 9:15 A.M. Leave to appeal sought.

Kathleen H. Kondzer and others brought an action in the Wayne Circuit Court against the Wayne County Sheriff and judges of the 20th District Court, alleging breach of contract. The plaintiffs had posted a bond with Kondzer as surety to secure the release of David Wilke after he was charged with felonies. Kondzer had agreed in writing that the bond could be forfeited if Wilke failed to comply with the terms and conditions specified in the bond. After Wilke's preliminary examination, the district court, without Kondzer's agreement or consent, imposed an additional condition that Wilke have no contact with the alleged victim. Wilke violated that condition by committing another felony involving the victim. The prosecution sought forfeiture of the bond in the district court, which denied the motion for lack of jurisdiction. The circuit court, Susan Bieke Neilson, J., forfeited the bond pursuant to MCL 765.6b(1); MSA 28.893(2)(1). The plaintiffs appealed.

The Court of Appeals *held*:

1. Under the common law, a surety undertakes only the obligations set forth in the bond and is not bound by obligations imposed without the surety's consent. MCL 765.6b(1); MSA 28.893(2)(1), which authorizes a judge or district court magistrate to impose conditions protecting a person in ordering a defendant's release on bail and to forfeit bail upon violation of the protective conditions, did not extinguish the common-law principle that a surety is not bound by conditions to which the surety did not agree or consent. Accordingly, forfeiture or revocation of a surety bond under the statute for a violation of a protective condition is proper only where the surety agreed or consented to the protective condition. In this case, the circuit court abused its discretion in forfeiting the bond in the absence of Kondzer's agreement or consent to the condition that Wilke have no contact with the victim.

2. An action on a criminal bond is civil and is not a continuation of the criminal proceedings in which the bail bond was given. The plaintiffs did not have to seek relief in the court that tried Wilke's

case. The plaintiffs' civil action was filed in a court of competent jurisdiction.

Reversed and remanded for entry of judgment in favor of the plaintiffs.

BAIL — SURETIES — PROTECTIVE CONDITIONS.

A surety is bound by only those terms and conditions to which the surety agrees or consents for the release of a defendant; a surety bond is subject to forfeiture or revocation for a violation of a condition imposed for the protection of the alleged victim only where the surety agreed or consented to the imposition of the protective condition (MCL 765.6b[1]; MSA 28.893[2][1]).

*Miro Miro & Weiner* (by *Thomas W. Cranmer* and *Matthew F. Leitman*), for the plaintiffs.

*Jennifer M. Granholm*, Corporation Counsel, and *Dia Chiku Mason*, Assistant Corporation Counsel, for Wayne County Sheriff.

Before: CAVANAGH, P.J., and MURPHY and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's grant of summary disposition in favor of defendants. We reverse.

On March 15, 1994, David Wilke was charged with two counts of first-degree criminal sexual conduct, one count of armed robbery, and one count of breaking and entering. Bail was set at $50,000. Plaintiffs raised $50,000 and plaintiff Kathleen H. Kondzer obtained a bail bond for the release of Wilke.[1] On April 6, 1994, at Wilke's preliminary examination, the district court added a condition to Wilke's release that

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Plaintiffs John and Mary Kondzer apparently are parties to this action because it was they who obtained the $50,000. However, plaintiff Kathleen Kondzer is the only plaintiff who signed the bail bond as a surety. Therefore, we consider Kathleen Kondzer to be the only surety.

he have no contact with the complaining witness. Plaintiff Kathleen Kondzer was not present when the additional condition was imposed. That night, Wilke raped the complaining witness at gunpoint. On April 9, 1994, the Wayne County Prosecutor's Office filed a motion in the district court to revoke and forfeit the bond on the basis of Wilke's violation of the no-contact condition. The district court declined to rule on the motion on the ground that, because Wilke had been bound over to the circuit court, it lacked jurisdiction. Plaintiffs then brought the instant breach of contract action in the circuit court, claiming that defendants had no legal right to retain the bond and have breached a contract by refusing to return it. Defendants moved for summary disposition, arguing that MCL 765.6b(1); MSA 28.893(2)(1) provided authority for the forfeiture of the bond. The trial court agreed with defendants, granted their motion, and ordered forfeiture.

On appeal, plaintiffs claim that forfeiture was improper because there was no consent to the imposition of the additional condition on Wilke's release. We agree.

A surety bond is a contract between the government, a principal, and a surety whereby the surety promises that if the principal defaults, the surety will pay the judgment on the bond. *In re Forfeiture of Surety Bond*, 208 Mich App 369, 371; 529 NW2d 312 (1995). A surety's liability is strictly limited by the terms of the agreement, *Brandimore v Eaton Rapids Justice of the Peace,* 15 Mich App 676, 679; 167 NW2d 360 (1969), and a well-settled principle of contract law is that a signed contract, complete on its face,

unambiguous in its terms, and intended to be a complete integration of the agreement cannot be changed without the consent or subsequent agreement of the parties, *Westdale Co v Gietzen*, 29 Mich App 564, 568; 185 NW2d 596 (1971).

In *People v Brow*, 253 Mich 140, 141-142; 234 NW 117 (1931), the sureties posted bail for Nelson St. John. The condition on the bond was that, until the case was finally determined, St. John was to arrive in court when required to do so. *Id.* at 142. St. John's sentence was imposed on May 24, 1928, and was to begin on July 1, 1928. *Id.* at 141. At sentencing, the trial court ordered that the bond continue. *Id.* Before July 1, 1928, St. John fled the jurisdiction. *Id.* Suit was brought against the sureties, and the bond was forfeited. *Id.* at 141-142. Our Supreme Court reversed, stating that, according to the bond, the sureties' obligation to guarantee St. John's presence in court terminated upon sentencing. *Id.* at 142. The Court reasoned:

> The court had no authority to continue the bond in force beyond that time without the consent of the sureties. They were not present when sentence was imposed, and did not consent. Therefore, they were not bound by the order of continuance. [*Id.*]

We read *Brow* as holding that a surety undertakes only the obligations set forth in the bond and will not be bound by obligations imposed without the surety's consent.

In this case, plaintiff Kathleen Kondzer signed a bond that imposed the following conditions on Wilke:

> 1. I will personally appear for any examination, arraignment, trial, or sentencing and will appear at such other

times and places as may be directed by the district court or by the circuit court. If I am represented by an attorney in this case, any notice to appear may be given to my attorney in place of personal notice to me.

2. I will abide by any judgment entered in this case and will surrender myself to serve any sentence imposed.

3. I will not leave the State of Michigan without the permission of the court having jurisdiction over my case.

4. I will immediately notify in writing the court having jurisdiction over my case of any change in my address or telephone number.

5. I will abide by other conditions described on the face of this form.

By signing the bond, plaintiff Kathleen Kondzer agreed that "if all the terms and conditions of [the] bond are not met, the full amount of the bond may be forfeited." Therefore, strictly on the basis of the obligations set forth in the bond, plaintiff Kathleen Kondzer did not agree to forfeit the bond if Wilke had contact with the victim.

*United States v LePicard*, 723 F2d 663 (CA 9, 1984), is a federal case closely analogous to the one at bar. In *LePicard*, the defendant was released on bail, which was posted by a corporate surety and the defendant's ex-wife. *Id.* at 664. The bond required the defendant to appear as required by the court. *Id.* At arraignment, the court added a condition to the defendant's release that he was not to break any laws. *Id.* No representative of the sureties was present when the additional condition was imposed. *Id.* Subsequently, the defendant was arrested on drug charges, and his bail was forfeited. *Id.* at 664-665. On appeal, the forfeiture was reversed. *Id.* The court held:

> The Government has offered no authority, and we have found none, holding that unilateral action by the magistrate can impose on the bail surety such a new and different obligation. Under these circumstances, the surety would seem to "have a right to stand upon the very terms of their undertaking." *Reese v United States*, 76 US 13, 21; 19 L Ed 541 (1869). [*Id.* at 665.]

Were we to decide this case solely on the basis of common-law principles, we would hold, consistent with *Brow* and *LePicard*, that because the court imposed a new obligation, not set forth in the bond, on plaintiff Kathleen Kondzer without her consent, she was not bound by the condition and forfeiture of the bond was improper. However, defendants argue that imposition of the protective condition and forfeiture of the bond for violation of that condition was authorized under MCL 765.6b; MSA 28.893(2).

MCL 765.6b(1); MSA 28.893(2)(1) provides:

> A judge or district court magistrate may release under this section a defendant subject to conditions reasonably necessary for the protection of 1 or more named persons. If a judge or district court magistrate releases under this section a defendant subject to protective conditions, the judge or district court magistrate shall make a finding of the need for protective conditions and inform the defendant on the record, either orally or by a writing that is personally delivered to the defendant, of the specific conditions imposed and that if the defendant violates a condition of release, he or she will be subject to arrest without a warrant and may have his or her bail forfeited or revoked and new conditions of release imposed, in addition to any other penalties that may be imposed if the defendant is found in contempt of court.

Although a statute expressly extinguishing common-law principles is a proper exercise of legislative

authority, such principles are not to be abolished by implication. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 652-653; 513 NW2d 799 (1994). In *Arritt v Fisher*, 286 Mich 419, 425; 282 NW 200 (1938), quoting *Bandfield v Bandfield*, 117 Mich 80; 75 NW 287 (1898), in turn quoting 9 Bacon's Abridgment, title "Statute," I(4), pp 244, 245, our Supreme Court noted:

> " 'In all doubtful matters, and where the expression is in general terms, statutes are to receive such a construction as may be agreeable to the rules of the common law in cases of that nature; for statutes are not presumed to make any alteration in common law, farther or otherwise than the act expressly declares.' "

At the same time, however, this Court must construe the statute in harmony with the legislative purpose, *Marquis, supra* at 653, and avoid any construction that would render any part of the statute surplusage or nugatory. *Heinz v Chicago Rd Investment* Co, 216 Mich App 289, 295-296; 549 NW2d 47 (1996).

The plain language of MCL 765.6b; MSA 28.893(2) indicates an intent on the part of the Legislature to protect those who are endangered by the release of a defendant. The statute is a victims' rights statute and was not intended to change the common law regarding a surety's obligation. The statute expressly grants the authority to impose such protective conditions on the release of a defendant and allows, in general terms, forfeiture of bail if such a condition is violated. However, the statute does not expressly extinguish the common-law principle that in order for a surety to be bound by a new condition imposed after the signing of the bond, the surety must consent. Therefore, we must not construe it to implicitly do so, but must

construe it in a manner agreeable to the rules of common law concerning surety liability.

The statute provides that if a defendant violates a protective condition, the defendant "may have his or her bail forfeited or revoked." The use of the word "may" denotes that the court has discretion and can exercise that discretion to forfeit or revoke a defendant's bail. See *People v Tomko*, 202 Mich App 673, 676; 509 NW2d 868 (1993). Therefore, forfeiture is not mandated when a defendant violates a protective condition. In light of the common law, we interpret this to mean that where the condition was imposed with notice to and the consent of the surety, forfeiture would be appropriate, but in a case like the one at bar, where the surety was not given notice of and did not consent to the imposition of the protective condition, forfeiture is not proper and is an abuse of the court's discretion. Such a holding should have no effect whatsoever on the court's ability to impose necessary, protective conditions on the release of defendants, law enforcement's ability to apprehend defendants in violation of such conditions, and the court's ability to revoke the bail of defendants in violation of such conditions, confine them, and place new conditions on their release. We simply hold that unless the surety has consented to forfeiture in the event of a violation of a protective condition, the court may not forfeit the bond posted by the surety. This interpretation is consistent with the common law, does not frustrate the protective purpose of the statute, and does not render any part of the statute surplusage.

In this case, defendant clearly violated the protective condition imposed on his release, and he was

properly apprehended and taken into custody. However, because the protective condition was imposed on defendant's release without the agreement of the surety to forfeit the bond in the event defendant violated the condition, forfeiture was improper.

Defendants claim that plaintiffs are precluded from relief because they failed to seek redress in the proper forum. Their argument is that plaintiffs should have sought relief in the criminal forum that tried Wilke's case, and not brought a civil action for breach of contract. However, as stated in 8 Am Jur 2d, Bail and Recognizance, § 151, p 688:

> An action by the state or federal government on a criminal bond is civil, not criminal, in nature. The action does not involve the guilt or innocence, conviction or acquittal, of any person; though it may be a proceeding arising in a criminal case, it is in no sense a continuation of the criminal proceedings in which the bail bond was given.

For example, forfeiture proceedings may be brought by the government in the nature of the common-law action of debt and may be pursued in any court of competent jurisdiction. *Id.* at § 150, p 687. Therefore, although more commonly done so, we find that it was not necessary for plaintiffs to seek relief in the criminal court that tried Wilke. Although originating in and arising out of a criminal case, this proceeding was brought as a civil action for breach of contract in a court of competent jurisdiction. We decline to preclude plaintiffs from relief.

Reversed and remanded for entry of judgment in favor of plaintiffs.