HANSELMAN v WAYNE COUNTY CONCEALED WEAPON
LICENSING BOARD (ON REMAND)

Docket No. 80182. Submitted August 31, 1984, at Lansing.—Decided
October 22, 1985.

The Wayne County Concealed Weapon Licensing Board revoked
John Hanselman's permit to carry a concealed weapon on the
ground that he had carried the weapon in violation of the
restrictions which had been imposed at the time the permit was
issued. Mr. Hanselman brought an action in the Wayne Circuit
Court against the board and its clerk, seeking to enjoin the
board's action on the ground that the board had not complied
with the requirements of the Administrative Procedures Act.
The court, Joseph B. Sullivan, J., held that the board was not a
state agency and was not subject to the APA. The Court of
Appeals reversed, holding that the board was a state agency for
purposes of the APA and that, therefore, the board had to
comply with the provisions of the APA. *Hanselman v Killeen*,
112 Mich App 275 (1982). The board appealed to the Supreme
Court which reversed, holding that the board was not an
agency subject to the provisions of the APA, and remanded to
the Court of Appeals for consideration of the plaintiff's remain-
ing due process claims. 419 Mich 168 (1984). On remand, *held:*

Plaintiff was not deprived of procedural due process in the
hearing before the board. The findings of fact by the trial court
were not clearly erroneous.

Affirmed.

APPEAL — FINDINGS OF FACT — COURT RULES.

Findings of fact by a trial court will not be disturbed on appeal
unless the Court of Appeals is persuaded that the findings are
clearly erroneous (MCR 2.613[C]; GCR 1963, 517.1).

*Howard Alan Katz, P.C.* (by *Howard Alan Katz*),
and *Hoffert & Litt, P.C.* (by *Paul H. Steinberg*), for
plaintiff.

REFERENCES FOR POINTS IN HEADNOTE
Am Jur 2d, Appeal and Error § 839.
See the annotations in the ALR3d/4th Quick Index under Findings
of Fact.

*William L. Cahalan,* Prosecuting Attorney, *Theodore Stephens,* Deputy Chief Assistant Prosecuting Attorney, Civil Department, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for defendants.

ON REMAND

Before: BRONSON, P.J., and R. M. MAHER and HOOD, JJ.

PER CURIAM. This matter comes to us upon remand by the Supreme Court. Originally, in *Hanselman v Killeen,* 112 Mich App 275; 316 NW2d 237 (1982), we held that the Wayne County Concealed Weapon Licensing Board was a state agency for the purpose of applying the provisions of the Administrative Procedures Act and that, therefore, the board had to comply with the provisions of the APA.

The board appealed and the Supreme Court reversed in a lengthy opinion, *Hanselman v Wayne County Concealed Weapon Licensing Board,* 419 Mich 168; 351 NW2d 544 (1984). The Supreme Court held that the board was not an agency subject to the provisions of the APA and remanded "for consideration of the plaintiff's remaining due process claims". 419 Mich 201.

Having undertaken the requisite examination, we hold that plaintiff was not deprived of procedural due process in the hearing before the board. Accordingly, we affirm the circuit court's denial of plaintiff's request for an injunction enjoining the board from revoking his concealed weapon license. *Withrow v Larkin,* 421 US 35; 95 S Ct 1456; 43 L Ed 2d 712 (1975); *Bay County Concealed Weapons*

*Licensing Board v Gasta,* 96 Mich App 784; 293 NW2d 707 (1980).[1]
Affirmed.

---

[1] Plaintiff's alleged substantive due process claim is more properly rephrased as an argument that the trial court's factual determination that plaintiff was not in the course of his employment was not supported by the evidence. It is well established that findings of fact by a court will be left undisturbed unless this Court is persuaded that the findings are clearly erroneous. MCR 2.613(C); GCR 1963, 517.1; *Mergenthaler Linotype Co v Transamerican Freight Lines, Inc,* 22 Mich App 688; 178 NW2d 76 (1970). This Court is not persuaded.